UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

--------------------------------------------------X

JERRELL MILLER,

                Plaintiff,

 -against-

PAROLE OFFICER P. ALVAREZ,

                Defendant.

**MEMORANDUM AND ORDER**

05-CV-5491 (CBA)

--------------------------------------------------X

AMON, J.

Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was the victim of an unlawful search and seizure. Plaintiff seeks $18,000 in damages. Compl. ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the complaint is dismissed.

### BACKGROUND

Plaintiff alleges that on December 10, 2003, he was under parole release supervision and visited the Brooklyn office of his parole officer Dana Lamb. Compl. ¶ IV.1. Plaintiff alleges that he was searched by another parole officer, P. Alvarez, at the office who discovered a "kitchen knife" and small razor on plaintiff. Id. ¶ IV.2. According to plaintiff, defendant Alvarez "did not at all have any reasonable cause to believe that the plaintiff broke the law or violated his conditions of release, to go out his personal jurisdiction and conduct a search upon the plaintiff." Id. ¶ IV.3. Plaintiff alleges that defendant had no authority to search him, as on his "condition of release consent form," plaintiff only consented to be searched and inspected by his assigned parole officer. Id. ¶ IV.4. Plaintiff argues that defendant Alvarez violated his Fourth Amendment rights to be free from unreasonable searches and seizures. Id. ¶¶ IV.5.

**DISCUSSION**

Title 28, Section 1915A of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ... ."  28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).  Because plaintiff is proceeding *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests.  See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Section 1983

    42 U.S.C. § 1983 provides, in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ... ."

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere."  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).  In order to maintain a § 1983 action, plaintiffs must allege two essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.

Plaintiff has not alleged a constitutional violation. In Hope v. Goines, No. 00 CV 3476 (JG), 2002 WL 2003201 (E.D.N.Y. Aug. 8, 2002), the Court considered a parolee's illegal search claim in which he alleged that on a routine visit to his parole officer, other parole officers, who were not assigned to him, conducted a search on his person, resulting in the recovery of a razor blade. The parolee was subsequently arrested for a parole violation, but the parolee prevailed in dismissing his parole violation pursuant to a writ of habeas corpus. Hope, 2002 WL 2003201, at *1. In rejecting the claim that the search violated the Fourth Amendment's protection against unreasonable searches, the Court held that "parolees possess diminished Fourth Amendment protections, and the precise scope of the protections they retain is uncertain." Id., at *3. The Court further noted that "federal courts, like the state courts, have consistently found that parolees possess a reduced level of Fourth Amendment protection ... and have linked the reasonableness of those searches to the needs of parole supervision." Id. (citing United States v. Grimes, 225 F.3d 254, 258 (2d Cir. 2000)).

Defendant Alvarez's search of the defendant during a routine parole office visit was "rationally and reasonably related to the performance of the parole officer's duties" and did not violate the Constitution. New York v. Huntley, 43 N.Y.2d 175, 181, 371 N.E.2d 794, 797, N.Y.S.2d 31, 34 (1977). Accordingly, plaintiff's Fourth Amendment claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
    Brooklyn, New York

                                        CAROL B. AMON
                                        United States District Judge